IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LINDA CRISTINA ROSALES NUNEZ

v.                                                    C.A. NO. 15-263

DIANE EDWARDS, et al.

**MEMO/ ORDER**

Petitioner Linda Cristina Rosales Nunez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for immediate release from detention, or a bond hearing before an Immigration Judge. Nunez has been in custody pursuant to a prior reinstated order of removal for over 12 months while she awaits a decision from an Immigration Judge as to whether petitioner will be persecuted if removed to Honduras.

On April 2, 2015, Magistrate Judge Timothy R. Rice issued a Report and Recommendation, recommending that the Court (1) find that the statute governing Petitioner's detention pending a determination on her claim of withholding of removal is 8 U.S.C. 1231(a); (2) that the structure set forth by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), governs the Court's determination on whether Petitioner's detention has become unreasonable; (3) after weighing the factors and finding that Petitioner's detention has become unreasonable, grant the petition for a writ of habeas corpus.

Since the government does not object to any of these specific recommendations [ECF

12]¹ and after careful and independent consideration of the petition for a writ of habeas corpus it is hereby ORDERED that:

1. The Report and Recommendations is ADOPTED with the exception of the statement on page 9 that "[t]he parties agree Nunez's detention is presumptively unreasonable because she has now been detained for nearly 12 months" and footnotes 7 and 8. The government's objections to those issues are sustained.

2. The petition for a writ of habeas corpus is GRANTED.

3. The respondents shall immediately release Petitioner Linda Cristina Rosales Nunez under conditions they believe will assure the petitioner's appearance at any future immigration proceedings.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk shall mark this case CLOSED.

BY THE COURT:

DATE: MAY 28, 2015

JEFFREY L. SCHMEHL, J.

---

¹ The government does object to a statement on page 9 of the Report and Recommendation that "[t]he parties agree Nunez's detention is presumptively unreasonable because she has now been detained for nearly 12 months." The Court agrees with the government that "no longer presumptively reasonable" does not automatically equate to "presumptively unreasonable." The government also objects to conclusions made by the Magistrate Judge in footnotes 7 and 8 of his Report and Recommendation. In footnote 7, the Magistrate Judge considered when is a reinstatement order final for purposes of judicial review. Since that issue does not relate to the issue that was before the Magistrate Judge, namely whether Nunez's continued detention under the post-removal-period detention statute is unconstitutional, the Court will sustain the government's objection. For the same reason, the Court will sustain the government's objection to Footnote 8.